Andrew McClain, J.,
delivered the opinion of the Court.
This is an action brought by Charles C. Smith, as the administrator of John Smith, deceased, for the. use *590 of tlie widow and children of the deceased, against the Nashville and Chattanooga Railroad Company, for injury done the said deceased, which produced his death.
The deceased was met on the road of defendant, by one of the witnesses, near a railroad bridge which was across a small stream. This was early in the night, about 8 o’clock. Witness and deceased were going in opposite directions when they met on the railroad. Witness passed on and went to a house about one mile off from where they met; after transacting some business at this house, witness returned to the same place where he had met deceased, and while there a construction train of defendants passed, going in the same direction Smith had gone.
This was about an hour or an hour and a half after he had met deceased. This train had no head light, and blew no whistle that he remembered of. The train was moving fast. The deceased was found dead on the road next morning within one mile of the place where witness had met him, his body showing unmistakable evidence that he had been killed by the train passing over him. Deceased was a little drunk when withess met him.
This construction train was the only train that passed on the road at that point that night. The deceased was killed at a curve in the road. With a head light, he could have been seen at a distance of one hundred or one hundred and fifty yards at this point. The train was moving at the rate of twenty or twenty-five miles per hour.
*591 This is about all that can be gathered from the evidence touching the manner of the killing of the deceased.
The Court stated to the jury, that- it is a general rule of law, that, when there is negligence on the part of the plaintiff, or those through whom they claim, no recovery can be had; that a party shall not 'recover for an injury brought upon himself by his own want of reasonable care and prudence, or which his want of ordinary and reasonable care contributed to produce, or where the parties must be viewed as equally culpable; but both parties might be in fault in omitting the exercise of proper diligence, but not equally so; that he should be considered as the author of the mischief in such cases, by whose first or more gross negligence it has been effected; that if the deceased was guilty of the first gross negligence, or brought the injury on himself by his want of ordinary care and reasonable prudence, or if his want of ordinary care contributed to produce the result, then the plaintiff could not recover.
The jury returned a verdict in favor of the defendant, and the plaintiff has appealed to this Court. It is manifest that in these instructions, His Honor wholly overlooked the statutory provisions in reference to the duty and liability of railroad companies in such cases.
Among other duties imposed by law on railroad companies, sub-sec. 5, of sec. 1166, provides:. Every railroad company shall keep the engineer, or some other person upon the' locomotive, always upon the look *592 out ahead; and when any person, animal or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident.
Sec. 1167, provides, that every railroad company that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by, or resulting from any accident or collision that may occur.
The next section provides, that the proof that it has observed said precautions shall be upon the company.
It will be observed, that the language of sec. 1167, is not that the company shall be responsible for damages that are caused by the failure to observe these precautions, but if damages to persons or property are occasioned by, or result from, any accident or collision that may occur whenever the company fails to observe these precautions, the liability of the company attaches, and the proof that it has observed said precautions shall be upon the company. So the inquiry is not whether the accident was produced through a failure to observe these precautions, but, was the company in the observance of these precautions at the time the accident occurred; and the burthen ' of proofTs on the company, to show that it was, and if it does not so appear, the company is liable.
There is no evidence in the present cause tending to *593 show that the company was in the observance of these precautions, prescribed by law, at the time this accident occurred.
It was error in the Court to tell the jury, upon this state of facts, that if the deceased was the occasion of the accident, through want of ordinary and reasonable care and prudence, the plaintiff could not recover.
Let the judgment be reversed, and the cause remanded.